```
               IN THE UNITED STATES DISTRICT COURT
              FOR THE SOUTHERN DISTRICT OF ALABAMA
                         SOUTHERN DIVISION
```

```
GORDON ORR,                          :

        Plaintiff,                   :

vs.                                  :  CIVIL ACTION NO. 14-00541-KD-B

BATTLE HOUSE HOTEL,                  :

        Defendant.                   :
```

### Report and Recommendation

This action is before the Court on review.[1] In an order dated November 25, 2014 (Doc. 3), Plaintiff, who is seeking to proceed *in forma pauperis,* was directed to re-file his complaint and motion to proceed without prepayment of costs (Docs. 1, 2), because while both documents were on the forms required by this Court, they were incomplete and were not signed. Accordingly, Plaintiff was granted leave to re-file a complete complaint and motion to proceed without prepayment of fees by December 12, 2014. Plaintiff was expressly advised that he must personally sign any documents that he files with the Court, and that failure to comply with the Court's directives by **December 12, 2014** would result in the dismissal of this action for failure to prosecute and to obey the Court's Order.

---

[1] This action has been referred to the undersigned for appropriate action pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2(c)(4).

To date, Plaintiff has not re-filed his complaint and motion, and his copy of the November 25th order has not been returned to the Court.  At this juncture, it appears that Plaintiff has lost interest in this action and has abandoned the action.

Given that Plaintiff has made no attempt to comply with the Court's directives, that over a month has lapsed with no contact from Plaintiff, and upon consideration of other available alternatives, it is recommended that this action be dismissed without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for failure to obey the Court's order and for failure to prosecute, as no other lesser sanction will suffice. Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989) (As a general rule, where a litigant has been forewarned, dismissal for failure to obey a court order is not an abuse of discretion.); see also Zow v. Regions Fin. Corp., No. 14-11769, 2014 U.S. App. LEXIS 23321, at *3 (11th Cir. Dec. 11, 2014)("[I]f a party disregards an order despite being warned of the possible consequences, dismissal is generally not an abuse of discretion"); Tanner v. Neal, 232 Fed. Appx. 924 (11th Cir. 2007) (affirming sua sponte dismissal without prejudice of inmate's § 1983 action for failure to file an amendment to complaint in compliance with court's prior order directing amendment and warning of consequences for failure to comply); Link v. Wabash R.R., 370 U.S. 626, 630, 82 S. Ct. 1386, 8 L. Ed.

2

2d 734 (1962) (interpreting Rule 41(b) not to restrict the court's inherent authority to dismiss sua sponte an action for lack of prosecution).

### NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. See 28 U.S.C. § 636(b)(1); FED.R.CIV.P. 72(b); S.D.ALA. L.R. 72.4. The parties should note that under Eleventh Circuit precedent, "the failure to object limits the scope of [] appellate review to plain error review of the magistrate judge's *factual findings*." Dupree v. Warden, 715 F.3d 1295, 1300 (11th Cir. 2013) (emphasis in original). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this **14th** day of **January, 2015.**

                                          /s/ SONJA F. BIVINS     
                                    **UNITED STATES MAGISTRATE JUDGE**